43 F.3d 1465
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
COMMONWEALTH LAND TITLE INSURANCE COMPANY, a Pennsylvania
Corporation, Plaintiff-Appellee,
WALKER & ROMM, Attorneys at Law; William H. Romm, Jr.,
Defendants-Appellants.
 No. 94-1613.
 United States Court of Appeals, Fourth Circuit.
 Argued Nov. 3, 1994.
Decided Nov. 29, 1994.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Elizabeth City. Terrence W. Boyle, District Judge. (CA-93-10-2-CIV-BO)
 Michael Murchison, Murchison, Taylor, Kendrick, Gibson & Davenport, L.L.P., Wilmington, NC, for appellants.
 George L. Fletcher, Faison & Fletcher, Wilmington, NC, for appellee.
 David L. Ray, Faison & Fletcher, Wilmington, NC, for appellee.
 E.D.N.C.
 AFFIRMED.
 Before LUTTIG and WILLIAMS, Circuit Judges, and MACKENZIE, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Appellee, Commonwealth Title Insurance Co., sued appellants, William H. Romm, Jr., and his law firm, Walker & Romm, to recover damages incurred as a result of Romm's negligence in certifying title in a land transaction in which Commonwealth had issued title insurance policies to the purchaser and lender. On Commonwealth's motion for summary judgment, the district court found Romm liable to Commonwealth for legal malpractice. The court held further that Commonwealth had not failed in its duty to mitigate damages and awarded Commonwealth $54,000.
 
 
 2
 While Romm concedes liability on appeal, he challenges the court's grant of summary judgment on damages, arguing that the district court erred in finding that Commonwealth fulfilled its duty to mitigate and in assessing the amount of damages.
 
 
 3
 The district court concluded that Commonwealth had not failed to mitigate damages and that the additional means of mitigation that Romm proposed--asking judgment creditors to release their liens on the property for approximately one-eighth their value and pursuing equitable subrogation--were unreasonable or unavailable. The court then assessed damages of $54,000, the amount Commonwealth paid the insureds to settle their insurance claims. Having reviewed the record, we affirm on the reasoning of the district court.
 
 AFFIRMED